**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARTIN MIRANDA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DONALD ROUNTREE,**<br><br>**Defendant.** | **Case No. 26-cv-00254-RJD** |

# MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Martin Miranda, an inmate in the Washington State Department of Corrections, brings this civil action pursuant to 42 U.S.C § 1983 for violations of his constitutional rights that occurred while he was incarcerated within the Illinois Department of Corrections and housed at Menard Correctional Center (Menard). The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

## THE COMPLAINT

Plaintiff alleges the following: On September 19, 2024, while housed in administrative detention (AD) at Menard, Correctional Officer Rountree came to his cell to escort him to the infirmary. (Doc. 1, p. 5). At the time, Plaintiff was engaged in a hunger strike. When Rountree came to Plaintiff's cell, he restrained Plaintiff in accordance with AD procedures. (*Id.*). Rountree handcuffed Plaintiff with Plaintiff's hands behind his back and placed leg irons on his ankles. (*Id.*). Once they reached the North 2 cellhouse infirmary, Plaintiff was placed on a bench and shackled via a waist chain to the bench. (*Id.*). Rountree then sat another inmate, who was from segregation, next to Plaintiff on the bench. (*Id.*). This inmate's hands were cuffed in the front, and he was "obviously mad." (*Id.* at p. 5, 6). (*Id.*). Rountree's placement of the segregation inmate next to Plaintiff on the bench was counter to a prison policy or practice. (*Id.*). As an AD inmate, Plaintiff was not allowed to be in contact with any inmates outside of administrative detention, and he feared for his safety being seated next to the segregation inmate. (*Id.*). As Plaintiff "tried to smooth the aggressive inmate down," Plaintiff informed Rountree that he feared for his life. (*Id.*).

Rountree took Plaintiff voicing his concerns the "wrong way." (Doc. 1, p. 5). Rountree responded to Plaintiff by stating that he "didnt care about A.D." and that Plaintiff "shouldnt tell him how to do his job." (*Id.*). Plaintiff told Rountree that it was Rountree's job to protect him. (*Id.*). Plaintiff pointed out that he was restrained in a way that prevented him from defending himself from another inmate if necessary. (*Id.* at p. 5-6). He asked Rountree what would happen if the other inmate tried to assault him. (*Id.* at

p. 6). Rountree answered, "[then] he beats you!" (*Id.*). Plaintiff responded by telling Rountree how dumb he sounded and how he was always playing with Plaintiff's life. (*Id.*). Rountree then pulled out his can of mace and yelled, "Threaten me again, I'll mace you." (*Id.*). Another inmate named Wilson yelled, "You can't mace him for telling you your shit." (*Id.*). Again, Rountree replied, "Say it again motherfucker I'll spray you." (*Id.*). Plaintiff responded, "Go ahead bitch I'll sue you." (*Id.*). Rountree then sprayed Plaintiff with mace while standing only a foot and a half away from him, hitting him in the face and injuring Plaintiff's left eye. (*Id.*). Following the incident, Rountree falsely reported that Plaintiff had spit on him, and as a result, Plaintiff was placed in "Restrictive Housing A.D." (*Id.*).

## DISCUSSION

Based on the allegations and Plaintiff's articulation of his claims in the Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment claim against Rountree for the use of excessive force against Plaintiff on September 19, 2024.

**Count 2:** Fourteenth Amendment claim against Rountree for issuing Plaintiff a false disciplinary ticket resulting in Plaintiff being placed in restrictive housing.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading**

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**standard.**

**Count 1**

The use of mace is not a per se violation of the Eighth Amendment. *See Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984). When an inmate claims that the use of mace constituted excessive force, the "core inquiry asks whether the 'force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Aaron v. Surguy*, No. 23-1394, 2023 WL 6563385, at *2 (7th Cir. Oct. 10, 2023) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)). Mace is an appropriate response, not an Eighth Amendment violation, when an inmate poses a threat to safety and to the maintenance of good order and discipline of the institution. *See Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010).

Plaintiff claims that on September 19, 2024, Rountree sprayed him with mace at close range while he was shackled. Although Plaintiff and Rountree were in a verbal altercation at the time, Rountree's response to spray Plaintiff with mace could be characterized as "excessive" and improper given that Plaintiff alleges he posed no threat to others or himself and was expressing concerns about his safety at the time. Accordingly, Count 1 will proceed against Rountree.

**Count 2**

"The Due Process Clause of the Fourteenth Amendment applies only to deprivations of life, liberty, and property." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). When an inmate raises a procedural due process claim based on false charges, the Court undertakes a two-part analysis. *Id.* The Court first evaluates whether the prisoner was

deprived of a protected liberty interest, and then second, evaluates whether the process he was afforded was constitutionally deficient. *Id.* (*citing Hess v. Bd. of Trs. of S. Illinois Univ.*, 839 F.3d 668, 673 (7th Cir. 2016)).

Based on Plaintiff's exhibits, Plaintiff was issued a disciplinary ticket in which Rountree accused Plaintiff as being verbally combative and yelling. (Doc. 1, p. 9). Rountree also records Plaintiff as spitting on him and then attempting to spit on him a second time after refusing a direct order to stop the "assaultive behavior." (*Id.*). Plaintiff asserts that the allegations that he spit on Rountree are false and resulted in him being placed in restrictive housing in violation of his due process rights.

Plaintiff, however, does not provide enough detail for the Court to infer that he was deprived of a liberty interest requiring due process. In order to implicate a liberty interest, restrictive housing conditions must constitute "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff only states that he was placed in restrictive housing, which is insufficient as there is "no liberty interest in remaining in the general prison population." *Franklin v. True*, 76 F.3d 381 (7th Cir. 1996) (unpublished) (citing *Sandin*, 515 U.S. at 480).

Additionally, even if Plaintiff had sufficiently pled that he was denied a liberty interest, Plaintiff does not describe any denial of procedural due process in the conduct of his disciplinary hearing, and his exhibits show that his the disciplinary ticket was expunged, indicating that he received the due process he demanded. (Doc. 1, p. 16). Thus, he has failed to state claim for being denied due process. Count 2 is dismissed.

## Disposition

For the reasons stated above, the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against Rountree. **COUNT 2** is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Rountree: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because this suit addresses claims involving Plaintiff's physical harm, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Pursuant to Local Rule 8.2(b), Defendant needs only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time his application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney

were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in the action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.